IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION

THIEN-LOC MARANON,

    Plaintiff,

vs.

PROGRESSIVE SELECT
INSURANCE COMPANY,

    Defendant.

_____/

CASE NO.: _____

## NOTICE OF REMOVAL BY DEFENDANT, PROGRESSIVE SELECT INSURANCE COMPANY

Defendant, PROGRESSIVE SELECT INSURANCE COMPANY (Progressive), pursuant to the provisions of Title 28, US §§1332, 1441 and 1446, hereby removes to the United States District Court for the Middle District of Florida, Orlando Division, an action pending in the Ninth Judicial Circuit in and for Orange County, Florida, captioned *Thien-Loc Maranon v. Progressive Select Insurance Company*, Case Number: 2022-CA-004304-O. In support thereof, Progressive would show:

1.    Plaintiff commenced this action in the Circuit Court of Orange County, Florida on or about May 16, 2022. Progressive was served with process on May 27, 2022. A copy of the Complaint, Summons and Return of Service are attached as composite exhibit "A."

2. Progressive responded to Plaintiff's Complaint with an Answer and Affirmative Defenses (exhibit "B").

3. Additional filings in the state court are:

   a. Case Management Order (exhibit "C").

   b. Plaintiff's Request for Production to Progressive (exhibit "D").

   c. Plaintiff's Notice of Service of Interrogatories to Progressive (exhibit "E").

   d. Plaintiff's Request for Admissions to Progressive (exhibit "F").

   e. Plaintiff's Reply to Defendant's Affirmative Defenses (exhibit "G").

   f. Progressive's Notice of Filing of Notice of Removal (exhibit "H").

4. This action is being removed to the United States District Court, pursuant to 28 USC §1441 because it involves a dispute between citizens of different states in which the amount in controversy exceeds the value of Seventy- Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5. Although the Plaintiff's Complaint is silent as to the specific dollar amount of the underlying claim it does allege that this in action for damages in excess of $30,000, exclusive of interest, costs and attorneys' fees. Exhibit "A," ¶1. Furthermore, in the operative Complaint, the Plaintiff is seeking damages for personal injuries claimed to have been sustained as a result of a motor vehicle accident which occurred on February 2, 2021 in Orange County, Florida. In the operative Complaint, exhibit "A," ¶15 it is alleged that:

> As a direct and proximate result of the Defendants', negligence, Plaintiff suffered bodily injury, including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

6. 28 USC §1332 provides that the United States District Courts shall have original jurisdiction when the matter in controversy exceeds or has a value of Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs and is between citizens of different states. The pleadings and the additional materials exchanged thus far and referenced above copies of which are attached, demonstrate that these requirements have been met in the following respects:

a. The Plaintiff is a citizen of the state of Florida. As evidenced by the Florida Traffic Crash Report (exhibit "I") and the Complaint. Plaintiff lives in Orange County, Florida and possesses a Florida driver's license.

b. Progressive is an Ohio corporation with its principal place of business in Ohio. Progressive is, therefore, considered an Ohio citizen. 28 USC §1332(c)(1). It is undisputed that Progressive's insurance policy provides up to $100,000.00 in uninsured/underinsured motorist benefits. As demonstrated herein, Plaintiff has repeatedly demanded Progressive tender these limits.

c. As set forth in this Notice of Removal, Plaintiff is seeking damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

d. Plaintiff claims to have sustained injuries as a result of the accident consisting of injuries to her neck, back, and left shoulder. Plaintiff alleges incurred medical bills exceeding $23,821.55 that will continue to accrue as well as future pain and suffering in the amount of $2,803,200 as a result of this accident.

e. Plaintiff has repeatedly demanded Progressive tender its policy limits of $100,000.00 in settlement of this matter, showing the amount in

controversy exceeds the Court's $75,000.00 jurisdictional requirement (see composite exhibit "J").  Although pre-suit demand letters are not "other paper" pursuant to 28 USC §1446(b), and therefore cannot be relied on by a defendant as the sole basis for removal, such letters can serve to supplement the Plaintiffs deliberately equivocal discovery responses as proof that the amount in controversy requirement is satisfied. *Devore at 1381. Depina v. Iron Mt. Info. Mgmt., Inc.*, 2005 U.S. Dist. LEXIS 38831 (M.D. Fla.2005).

    f.    On December 28, 2021, Plaintiff filed with the Florida Department of Financial Services a Civil Remedy Notice of Insurer Violations (CRN) (exhibit "K") charging Progressive with unfair trade and claim practices for refusing to tender the $100,000.00 policy limits.  The CRN is a statutorily mandated prerequisite to making a claim for bad faith and extra-contractual damages. *Yetter v. Arnica Mut. Ins. Co.*, 2013 U.S. Dist. LEXIS 103539 (M.D. Fla. 2013).  In the CRN it is contended that the Plaintiff's alleged injuries and damages are substantial and exceed the applicable limits of the insurance limits of the Progressive insurance policy. The CRN asserted that Progressive could cure these alleged violations (which violations are denied by Progressive) only by tendering the full policy limits of $100,000.00.

    7.    As a result, while taken separately the allegations in the Complaint, the Plaintiff's discovery responses and Plaintiff's refusal to

stipulate to a limitation on damages each by themselves, might not prove by a preponderance of the evidence that more than $75,000 is in controversy, Defendant submit that together they suffice. *Stephenson v. Arnica Mut. Ins. Co.,* 2014 U.S. Dist. LEXIS 116617 (M.D. Fla. 2014[1]; *Wilson v. Target Corp.,* 2010 U.S. Dist. LEXIS 96399 *3-4 (SD Fla. 2010) (finding that a pre-suit demand letter and a plaintiffs "noncommittal responses" to request for admissions sufficiently demonstrated a $75,000 amount in controversy). In *Morock v. Chautauqua Airlines, Inc.,* 2007 U.S. Dist. LEXIS 43133 (M.D. Fla. 2007), concluded that the plaintiff had "crafted [her] unclear, equivocal responses in a manner intended to circumvent the federal forum" and further indicated that it would "not countenance such gamesmanship."[2] In denying the plaintiff's Motion to Remand, Judge Kovachevich wrote:

> The Court recognizes Plaintiff crafted its unclear, equivocal responses in a manner intended to circumvent the federal forum. . . . However, this Court is persuaded that Plaintiffs "refusal to

---

[1] In his opinion, Judge Dalton noted that: "while genuine jurisdictional ambiguities must be resolved in favor of remand, *see Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1356 (11th Cir. 1996), jurisdictional ambiguities of a plaintiffs own creation generally weigh in favor of removal. *See, e.g., Devore v. Howmedica Osteonics Corp.,* 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009) (finding that "deliberatively equivocal interrogatory responses" weigh in favor of removal)."

[2] The Court also noted that if the plaintiff "were sincere in her contention that the amount in controversy is not met, she could 'have submitted affidavits admitting that the claim was less than the jurisdictional amount…"

stipulate or admit that she is not seeking damages in excess of the requisite amount" should be considered. (Citations omitted.)

2007 U.S. Dist. Lexis 43133.

8. This Court has original jurisdiction of this action pursuant to 28 USC §1332 as it is a civil action in which the amount in controversy exceeds the sum Seventy-Five Thousand Dollars ($75,000.00) and is between citizens of different states. As a result, this action is properly removable to this Court pursuant to 28 USC §1441.

9. This Notice of Removal has been filed within the time frame specified by law pursuant to 28 USC §1446 (b)(3)(A). Specifically, within thirty (30) days of Progressive being served with process, the first date on which Progressive was first able to determine that this cause was removable to this Court.

10. Promptly after the filing of this Notice of Removal, a true copy will be filed with the Clerk of the Circuit Court for Orange County, Florida.

11. Written notice of filing this Notice of Removal has been given to the adverse party as required by law in 28 USC §1446(b)(3).

Respectfully submitted on this 27th day of June 2022.

*Stefani N. Cogsdale*

Stefani N. Cogsdale, Esq.

            Florida Bar No.: 91893
            scogsdale@hamiltonmillerlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true on June 27, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I further certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List.

*[signature: Stefani N. Cogsdale]*

        Stefani N. Cogsdale, Esq., Lead Counsel
        Florida Bar No.: 91893
        scogsdale@hamiltonmillerlaw.com
        HAMILTON, MILLER & BIRTHISEL, LLP
        *Attorneys for Defendant*
        390 North Orange Avenue, Suite 2300
        Orlando, Florida 32801
        Telephone: (407) 900-2180
        Facsimile: (305) 379-3690

## SERVICE LIST

Dane Jordan, Esquire
Morgan & Morgan P.A.
20 N. Orange Avenue, 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 244-9496
Facsimile: (407) 245-3491
Primary email: djordan@forthepeople.com
Secondary email: smoler@forthepeople.com
Alternative email: joannem@forthepeople.com

*Counsel for Plaintiff*